IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:17CR372 |
| v. | |
| ANGELO C. DOUGLAS, | ORDER |
| Defendant. | |

On April 2, 2018, defendant Angelo C. Douglas ("Douglas") pleaded guilty to (1) bank robbery (or aiding and abetting that crime), in violation of 18 U.S.C. §§ 2113(a) and (d) and 2 ("Count I"), and (2) using, carrying, or brandishing a firearm during and in relation to a crime of violence (or aiding and abetting that crime), in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 ("Count II"). The Court sentenced him to consecutive prison terms of 48 months on Count I and 84 months on Count II, to be followed by concurrent terms of 5 years of supervised release on each count.

Now pending before the Court is Douglas's pro se "Motion to Modify under 18 U.S.C. § 3582(c)(1)(A)(i)" (Filing No. 138). Douglas seeks "immediate release from the Federal Bureau of Prisons [("BOP")], to be sentenced to a term of supervised release deemed fit by this district court."

Section 3582(c)(1)(A)(i) authorizes Douglas to move the Court to "reduce [his] term of imprisonment" for "extraordinary and compelling reasons" thirty days after the warden of the facility where he is incarcerated receives a request to file such a motion on his behalf. Douglas's submission includes a BOP "Inmate Request for Compassionate Release Consideration" form dated January 10, 2023, and addressed to his warden. Citing § 3582(c), Douglas states he assumes "the government does not contend [he] failed to exhaust his administrative remedies." That remains to be seen.

On the merits, Douglas asserts his mental and physical health, post-sentencing rehabilitation, and "an intervening change in the law" constitute "extraordinary and compelling reasons" to release him. Douglas also hints at some legal issues that do not readily fit within § 3582(c)(1)(A)(i). For example, his motion includes remnants of the Court's denial (Filing No. 101) of his Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his Sentence (Filing No. 99). He also briefly discusses the proper scope of his plea agreement as it relates to his firearms conviction.

Although parts of Douglas's motion appear to stray from the purview of § 3582(c)(1)(A)(i), the Court nonetheless finds he has potentially raised a colorable claim under that statute. The Court further finds that appointing counsel will help Douglas stay within the lines of § 3582(c)(1)(A)(i) and will help the Court in determining whether Douglas's circumstances warrant a sentence reduction. Accordingly,

IT IS ORDERED:
1. The Federal Public Defender for the District of Nebraska is appointed to represent Douglas for the limited purpose of determining whether there are extraordinary and compelling reasons to reduce his term of imprisonment.
2. In the event the Federal Public Defender should decline this appointment because of a conflict of interest or on the basis of the Amended Criminal Justice Act Plan, the Federal Public Defender shall provide the Court with a draft appointment order (CJA Form 20) bearing the name and other identifying information of the CJA Panel attorney identified in accordance with the Amended Criminal Justice Act Plan for this district.
3. If upon review the Federal Public Defender should conclude that Douglas's motion is frivolous or is otherwise improper, the Federal Public Defender may move to withdraw as counsel.
4. The U.S. Probation and Pretrial Services Office is directed to investigate Douglas's release request and promptly file under seal a report on that investigation.
5. The probation office is authorized to disclose Presentence Investigation Reports to the Federal Public Defender and the United States Attorney for the purpose of evaluating the motion. Douglas's counsel shall provide the Presentence Investigation Report to any subsequently appointed or retained

counsel. In accordance with the policy of the Federal Bureau of Prisons, no Presentence Investigation Report shall be provided to inmates.

6. The government and Douglas's counsel shall each file within ten days of the probation office filing its investigation report a brief addressing Douglas's request for sentencing relief and provide any evidence necessary to the Court's disposition of his motion. Absent an extension, the motion shall be deemed fully briefed and submitted as of that date.

Dated this 6th day of March 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge