IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:17CR372 |
| v. | |
| ANGELO C. DOUGLAS, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Angelo C. Douglas's ("Douglas") "Motion for Leave to File Appeal Out of Time" and "Motion to Withdraw and for Appointment of New Counsel for Appeal" (Filing No. 154). By way of background, Douglas submitted a *pro se* motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) as amended by the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018). The relief sought is commonly referred to as "compassionate release." See *United States v. Crandall*, 25 F.4th 582, 583 (8th Cir. 2022). The Court appointed Damilola Oluyole ("Oluyole"), a Criminal Justice Act panel attorney to represent Douglas in this matter. After carefully reviewing the briefing and other submissions on the matter, the Court denied the motion on May 23, 2023 (Filing No. 153).

On September 22, 2023, Douglas sent a letter to the Court stating that he never received Filing No. 153 and sought "assistance concerning [the] manner in which to preserve my right to appeal." That letter was immediately forwarded to Oluyole. Three days later, on September 25, 2023, Oluyole filed the pending motion (Filing No. 154).

While Oluyole states that he did have difficulty communicating with Douglas, he does state that he sent letters to the Federal Correctional Institution in Florence, Colorado ("FCI Florence") at which Douglas was housed, and specifically states that he sent the Court's denial of the compassionate-release motion (Filing No. 153) to FCI Florence.

Federal Rule of Appellate Procedure 4(b)(1)(A) requires that a notice of appeal be filed in the district court within fourteen days after of "entry of either the judgment or the order being appealed." There is an exception for "excusable neglect or good cause" to that fourteen-day time limit:

> Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal *for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)*.

*Id.* (Emphasis added).

The fourteen-day appeal time prescribed by Rule 4(b) began running on May 23, 2023, making the deadline for filing an appeal June 6, 2023. Even applying the provisions of Rule 4(b)(4), any relief under that section would extend to, at most, July 6, 2023.[1]

Douglas's Motion for Leave to File Appeal Out of Time is denied. Douglas's counsel's Motion to Withdraw and for Appointment of New Counsel for Appeal is granted in part and denied in part. Oluyole is relieved of his duties as appointed counsel in this matter; the request for appointment of new counsel is denied as moot.

IT IS SO ORDERED.

Dated this 3rd day of October 2023.

---

[1] Even if the Court were to recognize Douglas's letter of September 23, 2023 as the original date for this request under Rule 4(b)(4), it is outside the timeframe allowed by that rule.

BY THE COURT:

*Robert F. Rossiter, Jr.*
Robert F. Rossiter, Jr.
Chief United States District Judge